UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DENNIS ECKENRODE,<br><br>          *Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          *Defendant.* | **COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**<br><br><br>CIV #: 5:25-5003 |

Dennis Eckenrode, Plaintiff, by and through his attorneys, Goodsell & Oviatt, LLP, now comes before this Court and complains of the United States Government as follows:

I.

JURISDICTION, VENUE AND CONDITIONS PRECEDENT

1. Plaintiff Dennis Eckenrode is a resident of Pennington County, State of South Dakota.

2. The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of the United States Government and of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of South Dakota.

3. At all relevant times herein, the United States, by and through its Department of Veteran Affairs (VA) administered the Fort Meade Medical Center ("FMMC") in Fort Meade, South Dakota.

4. Defendant, the United States of America, has waived sovereign immunity pursuant to the Federal Tort Claims Act.

5. Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of South Dakota and arose from the medical care received at the FMMC, Fort Meade, South Dakota.

6. Plaintiff has fully complied with the provisions of 28 U.S.C. §2401(b), and §2675 of the Federal Tort Claims Act.

7. This suit is timely filed, as Plaintiff presented his Administrative Tort Claim seeking $3,000,000 to the United States Department of Veteran Affairs on May 1, 2024. The Department of Veterans Affairs received the tort claim on May 14, 2024.

8. Pursuant to 28 U.S.C. §2675, Defendant's failure to make final disposition of a claim is deemed a final denial.

9. As to Defendant, United States, this action is timely pursuant to 28 U.S.C. §2401(b) in that it was presented to the appropriate agency within two years of accrual, and this action was filed within six months of a final denial.

10. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action that derive from the same nucleus of operative facts that give rise to federally based claims and causes of action pursuant to 28 U.S.C. §1367.

II.

## EVENTS FORMING THE BASIS OF THE CLAIMS

11. Dennis Eckenrode is a retired member of the United States military. At the time Plaintiff received treatment, he was an active-duty member of the United States Air Force ("USAF"), thereby entitling Plaintiff to receive medical care at the FMMC.

12. Plaintiff received a Left Mini Open Distal Clavicle Excision (Mumford Procedure) on his left arm on November 1, 2022 by Dr. Adam Schneider at the FMMC.

13. The Mumford Procedure is a minimally invasive, common procedure that shaves off a small portion of the distal end of the clavicle at the acromioclavicular joint (AC) to relieve impingement.

14. The Mumsford Procedure is quite common with high rates of success and a recovery time of 5 weeks. Damage to the deltoid muscle and tendon is not a risk of the procedure when performed correctly.

15. During this procedure, Dr. Schneider negligently cut the deltoid muscle and tendon of Plaintiff's left arm.

16. On November 16, 2022, Plaintiff had a follow up with Dr. Schneider. On February 17, 2023 Physician's Assistant Justin Thurman met with Plaintiff and took an x-ray of the left shoulder, but did not mention the deltoid issue. Then on June 16, 2023, the concern was mentioned, however, Plaintiff didn't have a follow up with Dr. Schneider until August 1, 2023.

17. On the June 16, 2023 orthopedic follow up with PA Thurman, Plaintiff described how even after 8 months of recovery time after surgery, he was only able to lift 5 pounds and

he would get a sharp pain over the distal clavicle. Inspection showed a sunken spot that PA Thurman suspected was the deltoid avulsed off of the acromion. An MRI was ordered.

18. On the August 1, 2023 orthopedic follow up with surgeon Dr. Adam Schneider, Plaintiff stated he had noticed in January a divot at the surgical site where the skin started to "sink in." The MRI showed partial detachment/rupture of the medial aspect of the deltoid below the AC joint, to which Dr. Schneider agrees that the medial aspect of the deltoid posterior to the AC joint has partially avulsed from the acromion.

19. On October 24, 2023, Plaintiff received a second opinion from Dr. Clark Duchene at Black Hills Orthopedic and Spine Center who told Plaintiff "there isn't anything that could be done for the left shoulder."

20. On December 21, 2023, PA Thurman wrote a letter confirming Plaintiff's injury stating that the November 1, 2022 surgery resulted in a poor outcome, "and a resultant torn and retracted left deltoid that left him with a poor prognosis." He also noted Dr. Duchene's opinion that "significant damage to his deltoid occurred to an extent that is irreparable."

21. As a result of Dr. Schneider's negligence during Plaintiff's Mumford Procedure and his failure to recognize his mistake which resulted in retraction of the deltoid tendon to the point that damage is irreparable, Plaintiff has experienced pain and has suffered from a permanent impairment in the damaged left arm.

22. Losing a deltoid muscle has affected Plaintiff's ability to perform routine tasks, has increased the time to complete tasks, has created dependence on tasks, has created an increased risk of injury and has decreased his work life expectancy.

23. Plaintiff has substantial lost earning capacity. Previously he was a Service Manager at Granite Buick GMC in Rapid City, as well as an auto mechanic. He was unable to

continue his work at Granite Buick GMC and has accepted a desk job position at Ellsworth Air Force Base. His previous salary was $140,000 annually and the new position pays $70,000. This is a work life expectancy wage loss of more than $70,000 annually and $1,610,000 through work life expectation.

24. The FMMC failed to adequately monitor, supervise or evaluate the professional conduct and performance of Dr. Schneider, despite having knowledge or reason to know of conduct or practices that poses a risk of harm to patients.

25. The FMMC failed to take appropriate actions to monitor, intervene or restrict Dr. Schneider's medical privileges.

### III.

### CAUSE OF ACTION – VIOLATION OF 28 U.S.C. 2671, *et seq.*

26. The actions or omissions described above constitute medical malpractice or medical negligence under the laws of the State of South Dakota.

27. Under the Federal Tort Claims Act, defendants United States of America and the FMMC are liable for medical malpractice/negligence as the doctors and other medical staff of the FMMC were acting within the scope of their employment as medical providers for the United States of American and the FMMC.

28. The actions or omissions described above, including the FMMC's failure to monitor and supervise the Plaintiff, are the direct and proximate cause of the Plaintiff's increased medical expenses, loss of quality of life, loss of earning capacity, loss of chance of recovery and other damages.

29. In compliance with the requirements of the Federal Tort Claims Act, Plaintiff has exhausted all administrative preconditions to filing this legal claim, allowing 6 months for the VA to consider the claim before filing suit in federal district court.

IV.

DAMAGES

30. Plaintiff alleges and reasserts paragraphs 1 through 26 above.
31. Plaintiff has incurred medical expenses as a result of Defendant's actions or omissions described above.
32. These increased medical expenses would not have been incurred had Dr. Schneider appropriately conducted the Mumford Procedure on November 1, 2022.
33. The increased medical expenses would not have been incurred had Defendant appropriately monitored, supervised and evaluated Dr. Schneider.
34. Plaintiff will suffer a loss of wages amounting to $1,610,000.
35. Plaintiff suffers other damages resulting from Defendant's negligence/malpractice including loss of quality of life, difficulty in performing day to day activities, loss of chances for recovery, loss of earning capacity, loss of wages and other damages.

V.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff is entitled to damages from the United States, and does hereby pray that judgment be entered in his favor against the United States government as follows:
   a. Declare that Defendant, the United States of America, has violated the Federal Tort Claims Act;
   b. Enter judgment in favor of Plaintiff and against Defendant;
   c. Award damages in the amount of $3,000,000 to compensate Plaintiff for his injuries and damages;
   d. Award costs and attorneys' fees; and

e. Award Plaintiff such further and additional relief at law or in equity that this Court may deem appropriate or proper.

Dated this 17th day of January, 2025.

GOODSELL & OVIATT LAW FIRM

BY: _____
G. Verne Goodsell
Nathan R. Oviatt
Samuel J. Strommen
Attorneys for Plaintiff
246 Founders Park Drive, Ste. 201
P.O. Box 9249
Rapid City, SD  57709-9249
(605) 343-3000

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he served a true and correct copy of the foregoing document by electronic filing through the Court's CM/ECF system, upon the following:

Allison J Ramsdell
United States Attorney
P.O. Box 2638
Sioux Falls, SD  57101

Dated this 17th day of January, 2025.

_____
G. Verne Goodsell

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ECKENRODE, DENNIS J.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
G. Verne Goodsell, Goodsell Oviatt LLP, PO Box 9249
Rapid City, SD 57709 605-343-3000

## DEFENDANTS
UNITED STATES OF AMERICA

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [x] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 2671, et. seq and 28 U.S.C. 1346(b)(1)

Brief description of cause:
VA Hospital employee negligently performed left arm surgery cutting deltoid muscle and tendon

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ $3,000,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE 1-17-'25
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____